BOREL, Appellant, v. FELLOWS QUARTZ MINING COM-
PANY, Respondent.

### No. 716; November 6, 1865.

**Evidence.**—A Resolution of a Board of Directors, or of stock-
holders, to reimburse a named person for the amount expended by
him in developing a mine may be an admission of indebtedness, but
it is not sufficient to support a count in a complaint "for money
loaned" the company.

**Evidence.**—A Resolution of a Board of Directors, or of stock-
holders, appropriating a sum "not exceeding thirty thousand dollars"
"from the first proceeds of the Fellows Mine" to reimburse, etc., is not
evidence to be relied on by the person to be reimbursed in a suit
by him, or his representatives, against the company to prove any
particular sum to be due or the time when any money became due.

APPEAL from Fourth Judicial District, San Francisco
County.

Sidney V. Smith for appellant; G. F. and W. A. Sharp for
respondent.

SAWYER, J.—This is an appeal from a judgment of non-
suit. Clearly the evidence does not support the first count
for money loaned to the company. The resolution appro-
priating a sum "not exceeding thirty thousand dollars,"
"from the first proceeds of the Fellows Mine," to reimburse
the amount expended by Franconi in improving and develop-
ing the mine, can, at most, only be regarded as admitting an
indebtedness payable out of the first proceeds of the mine,
and the whole admission must be taken together. There is no
evidence to show that the sum due was otherwise payable.
But the resolution only appropriates a gross sum not exceed-
ing the amount mentioned for the purpose designated, with-
out pretending to aver that the full amount specified was ac-
tually due. The subsequent resolution of the stockholders
introduced in evidence after reciting that the company "is in-
debted to L. Franconi for building a mill and improving the
mine," authorizes the appointment of an agent to examine
and report to the stockholders as to the condition of the mill
and appurtenances and make and return an inventory of the

property, etc., and authorizes the trustees to accept the same—the mill evidently—and to issue notes of the company in favor of L. Franconi payable to the order of Mathew Crooks and A. Borel in a sum not exceeding sixty thousand dollars, and provides that "the above amount or so much as may be necessary be disbursed under the direction of Mathew Crooks and A. Borel to pay existing debts and those accruing during the ensuing nine months, etc." These resolutions recite an indebtedness to Franconi, but they give no clue to the amount. Whatever the amount, they, together with other existing debts, and debts to accrue during the ensuing nine months, were to be paid out of the said sum of sixty thousand dollars. Admitting that these various resolutions of the trustees and stockholders together show that there was a legal liability of some kind, there is nothing to enable the court to guess even at the amount. It was impossible upon the evidence to say that the plaintiffs were entitled to recover any particular sum. But it evidently was not contemplated by the resolutions that the notes should be issued for the payment of Franconi until after the acceptance of the mill. The resolution is not therefore a recognition of the demand until an acceptance, and no acceptance or other proceeding is shown. If the resolutions of the stockholders are regarded as recognizing the action of the trustees appropriating a sum not exceeding thirty thousand dollars as claimed by appellant, then the ratification is, according to the terms of that resolution, payable out of the first proceeds of the mine only, and the amount to be paid is also still left indefinite. It does not appear that there was any proceeds of the mine.

We think the judgment should be affirmed, and it is so ordered.

We concur: Sanderson, C. J.; Shafter, J.; Currey, J.; Rhodes, J.